IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RIVERPORT INSURANCE  CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. |
| | ) | |
| LEGEND CONSTRUCTION, INC., an Illinois | ) | |
| Corporation; COLETTE M. DAILEY | ) | |
| ELECTRICAL CONTRACTORS, INC. d/b/a | ) | |
| DAILEY ELECTRIC CO., INC., an  Illinois | ) | |
| Corporation; GHAFARI ASSOCIATES, L.L.C., a | ) | |
| Michigan limited liability company; and | ) | |
| ALBERTO BARRAGAN, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, RIVERPORT INSURANCE COMPANY ("Riverport") by its attorneys, NYHAN, BAMBRICK, KINZIE & LOWRY, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 and complaining of the Defendants, LEGEND CONSTRUCTION, INC., COLETTE M. DAILEY ELECTRICAL CONTRACTORS, INC. d/b/a DAILEY ELECTRIC CO., INC., GHAFARI ASSOCIATES, L.L.C. and ALBERTO BARRAGAN, and for its Complaint for Declaratory Judgment, states as follows:

## NATURE OF THE CASE

1.      This is an action for declaratory judgment by Riverport pursuant to 28 U.S.C. § 2201 for judgment that Plaintiff Riverport owes no duty to defend or indemnify Defendant Legend Construction, Inc. with respect to a workers' compensation claim filed by Alberto Barragan and with respect to third-party complaints filed by Colette M. Dailey Electrical Contractors, Inc. d/b/a Dailey Electric Co., Inc. and Ghafari Associates, LLC in the matter

captioned *Barragan v. Ghafari Associates, LLC, et al.*, Case Number 2016 L 003005, pending in the Law Division of the Circuit Court of Cook County.

## THE PARTIES

2.     Plaintiff, Riverport, is now and was at all relevant times a corporation duly organized and existing under the laws of the State of Iowa and having its primary place of business located in Greenwich, Connecticut, is duly authorized to conduct business in the State of Illinois, and is a citizen of Iowa and Connecticut.

3.     Defendant, Legend Construction, Inc. ("Legend") is a corporation duly organized and existing under the laws of the state of Illinois, having its primary place of business located in Chicago, Illinois, and is a citizen of Illinois.

4.     Defendant, Colette M. Dailey Electrical Contractors, Inc. d/b/a Dailey Electric Co., Inc. ("Dailey Electric") is a corporation duly organized and existing under the laws of the state of Illinois, having its primary place of business located in Palatine, Illinois, and is a citizen of Illinois.  Dailey Electric is named as a necessary party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure but no affirmative relief is sought against it.

5.     Ghafari Associates, L.L.C. ("Ghafari") is a limited liability company duly organized and existing under the laws of the state of Michigan and having its primary place of business located in Dearborn, Michigan.  According to publically-available information, Ghafari's members are citizens of either Michigan or Illinois.  Ghafari is named as a necessary party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure but no affirmative relief is sought against it.

6.     Alberto Barragan ("Barragan") is a natural person who is a citizen of the state of Illinois and is a resident of this District.  Barragan is named as a necessary party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure but no affirmative relief is sought against him.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as there is complete diversity of citizenship between Riverport and Legend, Dailey Electric, Ghafari, and Barragan, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

8.     This Court has personal jurisdiction over Defendants and venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) and (c).  Legend is doing business in this District and the events giving rise to Riverport's claims occurred in this District.

9.     In addition to other forms of relief, Riverport seeks a declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201.

10.     An actual case and controversy of a judiciable nature exists between Plaintiff and Defendants involving the rights, duties and obligations, if any, of the parties under an insurance policy issued by Riverport to Legend, and such controversy may be resolved by a judgment of this Court.

11.     All persons have been made parties to this action that have or claim to have any interest in this matter in controversy.

## COMMON ALLEGATIONS

### The Underlying Workers' Compensation Claim

12.     Barragan filed an "Application for Adjustment of Claim" against Legend before the Illinois Workers' Compensation Commission ("IWCC") on or about June 24, 2015 that was

assigned case number 15 WC 019829 ("Barragan WC Claim"). A true and correct copy of the Barragan WC Claim is attached as Exhibit A.

13. The Barragan WC Claim seeks recovery pursuant to the Illinois Workers' Compensation Act, 820 ILCS 305/1 *et seq*., for injuries that allegedly occurred on March 20, 2015, and that allegedly arose out of and in the course of Barragan's employment with Legend.

### The Underlying Third-Party Complaints

14. On about March 23, 2016, Barragan filed a complaint captioned *Barragan v. Ghafari Associates, LLC, et al*., Case Number 2016 L 003005, pending in the Law Division of the Circuit Court of Cook County. Barragan's civil suit seeks recovery for the same March 20, 2015 alleged accident that is the basis of the Barragan WC Claim.

15. On about December 14, 2016, Ghafari filed a third-party complaint against Legend in the matter captioned *Barragan v. Ghafari Associates, LLC, et al*., Case Number 2016 L 003005, pending in the Law Division of the Circuit Court of Cook County ("Ghafari Third-Party Complaint"). A true and correct copy of the Ghafari Third-Party Complaint without exhibit is attached as Exhibit B.

16. The Ghafari Third-Party Complaint seeks contribution from Legend in connection with Barragan's alleged March 20, 2015 accident based on Legend's alleged negligence as Barragan's employer during the time period at issue.

17. On about February 14, 2017, Dailey Electric filed a third-party complaint against Legend in the matter captioned *Barragan v. Ghafari Associates, LLC, et al*., Case Number 2016 L 003005, pending in the Law Division of the Circuit Court of Cook County ("Dailey Electric Third-Party Complaint"). A true and correct copy of the Dailey Electric Third-Party Complaint without exhibit is attached as Exhibit C.

18.     The Dailey Electric Third-Party Complaint also seeks contribution from Legend in connection with Barragan's alleged March 20, 2015 accident based on Legend's alleged negligence as Barragan's employer during the time period at issue.

**Policy Cancellation and the Role of the National Council on Compensation Insurance, Inc.**

19.     820 ILCS 305/4(b) provides that any policy for workers' compensation insurance "shall not be cancelled or in the event that such insurance is not renewed, extended or otherwise continued, such insurance shall not be terminated until at least 10 days after receipt by the Illinois Workers' Compensation Commission of notice of the cancellation or termination of said insurance . . . ."

20.     The National Council on Compensation Insurance, Inc. ("NCCI") processes policy cancellations and other insurance transactions for a number of state workers' compensation commissions, including the IWCC, and is the authorized agent of the IWCC for receipt of policy cancellations.

21.     Notice to NCCI acts as notice to the IWCC.

**The First Riverport Policy**

22.     Riverport issued a Workers Compensation and Employers Liability Insurance Policy to Legend with Policy No. WC-12-87-024991-00, which originally had a policy period of April 8, 2014 – April 8, 2015 (the "First Riverport Policy").  A true and correct copy of the First Riverport Policy is attached hereto as Exhibit D.

23.     The First Riverport Policy included the following provisions:

**PART ONE**
**WORKERS COMPENSATION INSURANCE**

A.     **How This Insurance Applies**

This workers compensation insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1.      Bodily injury by accident must occur during the policy period.

**C.      We Will Defend**

We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance. We have the right to investigate and settle these claims, proceedings or suits. We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.

Exhibit D at RIV 0003.

*       *       *

**PART TWO
EMPLOYERS LIABILITY INSURANCE**

**A.      How This Insurance Applies**

This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

3.      Bodily injury by accident must occur during the policy period.

**B.      We Will Pay**

We will pay all sums that you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.

*Id*. at RIV 0004.

**C.      Exclusions**

*(Amended by WC 12-03-06 A)*

This insurance does not cover:

1.      liability assumed under a contract, and/or any agreement to waive your right to limit your liability for contribution to the amount of benefits payable under the Workers Compensation Act and the Workers Occupational Disease Act. This exclusion does not apply to a warranty that your work will be done in a workmanlike manner;

*Id*. at RIV 0029.

D. **We Will Defend**

We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

*Id*. at RIV 0005.

\*     \*     \*

**PART FOUR**
**YOUR DUTIES IF INJURY OCCURS**

Tell us at once if injury occurs that may be covered by this policy. Your other duties are listed here.

3.     Promptly give us all notices, demands and legal papers related to the injury, claim, proceeding or suit.

*Id*. at RIV 0006-7.

\*     \*     \*

**PART FIVE—PREMIUM**
*(Amended by WC 00-04-19)*

D. **Premium Payments**

You will pay all premium when due. You will pay the premium even if part or all of a workers compensation law is not valid. The due date for audit and retrospective premium is the date of the billing.

*Id*. at RIV 0025.

\*     \*     \*

**PART SIX—CONDITIONS**
*(Amended by WC 12 06 01 D)*

**Cancellation**

2. We may cancel this policy. We will mail to each named insured and to the broker or the agent of record advance written notice stating when the cancellation is to take effect.

3. If we cancel because you do not pay all premium when due, we will mail the notice of cancellation at least ten days before the cancellation is to take effect. If we cancel for any other reason, we will mail the notice:

a.    At least 30 days before the cancellation is to take effect if the policy has been in force for 60 days or less;

b.    At least 60 days before the cancellation is to take effect if the policy has been in force for more than 60 days.

4. If this policy has been in effect for 60 days or more, we may cancel only for one of the following reasons:

a.    Nonpayment of premium.

5. Our notice of cancellation will state our reasons for canceling.

6. The policy period will end on the day and hour stated in the cancellation notice.

*Id*. at RIV 0016.

## Cancellation of the First Riverport Policy

24.    On December 1, 2014, Riverport mailed a Notice of Cancellation of Workers' Compensation Policy to Legend at the address listed on the First Riverport Policy. A true and correct copy of this notice of cancellation is attached as Exhibit E.

25.    The Notice of Cancellation of Workers' Compensation Policy informed Legend that the First Riverport Policy would be cancelled on 12:01 a.m. on December 16, 2014 for nonpayment of premium.

26.    Around that time, Riverport also provided notice to the NCCI that the First Riverport Policy was cancelled effective December 16, 2014 for nonpayment of premium.

27.    Upon information and belief, NCCI received this cancellation notice electronically around or prior to December 16, 2014.

28.     NCCI accepted Riverport's notice of cancellation and the December 16, 2014 cancellation date for the First Riverport Policy was reflected in NCCI's subsequent records for Legend.

### The Second Riverport Policy

29.     Riverport issued a second Workers Compensation and Employers Liability Insurance Policy to Legend with Policy No. WC-12-87-029205-00, which originally had a policy period of January 15, 2015 – April 8, 2015 (the "Second Riverport Policy").  A true and correct copy of the Second Riverport Policy is attached hereto as Exhibit F.

30.     The Second Riverport Policy included a "Notice of Reinstatement" that confirmed the cancellation of the First Riverport Policy and informed Legend that there was a lapse in coverage from December 16, 2014 – January 14, 2015.  Exhibit F at RIV 0040.

31.     The Second Riverport Policy included the following provisions:

**PART ONE**
**WORKERS COMPENSATION INSURANCE**

A.     **How This Insurance Applies**

This workers compensation insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1.     Bodily injury by accident must occur during the policy period.

C.     **We Will Defend**

We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance. We have the right to investigate and settle these claims, proceedings or suits.  We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.

*Id*. at RIV 0042.

*        *        *

**PART TWO**

## EMPLOYERS LIABILITY INSURANCE

A. **How This Insurance Applies**

This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

3.      Bodily injury by accident must occur during the policy period.

B. **We Will Pay**

We will pay all sums that you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.

*Id*. at RIV 0043.

C. **Exclusions**

*(Amended by WC 12-03-06 A)*

This insurance does not cover:

1.      liability assumed under a contract, and/or any agreement to waive your right to limit your liability for contribution to the amount of benefits payable under the Workers Compensation Act and the Workers Occupational Disease Act. This exclusion does not apply to a warranty that your work will be done in a workmanlike manner;

*Id*. at RIV 0063.

D. **We Will Defend**

We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

*Id*. at RIV 0044.

\*      \*      \*

## PART FOUR

## YOUR DUTIES IF INJURY OCCURS

Tell us at once if injury occurs that may be covered by this policy. Your other duties are listed here.

3.      Promptly give us all notices, demands and legal papers related to the injury, claim, proceeding or suit.

*Id*. at RIV 0045-46.

*      *      *

## PART FIVE—PREMIUM
### *(Amended by WC 00-04-19)*

D.      **Premium Payments**

You will pay all premium when due. You will pay the premium even if part or all of a workers compensation law is not valid. The due date for audit and retrospective premium is the date of the billing.

*Id*. at RIV 0062.

*      *      *

## PART SIX—CONDITIONS
### *(Amended by WC 12 06 01 E)*

D.      **Cancellation**

2.      We may cancel this policy. We will mail to each named insured at the last known mailing address advance written notice stating when the cancellation is to take effect. We will maintain proof of mailing of the notice of cancellation. A copy of all such notices shall be sent to the broker or agent of record, if known, at the last known mailing address. The broker or agent of record may opt to accept notification electronically.

3.      If we cancel because you do not pay all premium when due, we will mail the notice of cancellation at least ten days before the cancellation is to take effect.

4.      If this policy has been in effect for 60 days or more, we may cancel only for one of the following reasons:

a.      Nonpayment of premium;

5.      Our notice of cancellation will state our reasons for cancelling.

6. The policy period will end on the day and hour stated in the cancellation notice.

*Id*. at RIV 0054-55.

<u>**Cancellation of the Second Riverport Policy**</u>

32. On February 20, 2015, Riverport mailed a Notice of Cancellation of Workers' Compensation Policy to Legend at the address listed on the Second Riverport Policy. A true and correct copy of this notice of cancellation is attached as Exhibit G.

33. The Notice of Cancellation of Workers' Compensation Policy informed Legend that the Second Riverport Policy would be cancelled on 12:01 a.m. on March 7, 2015 for nonpayment of premium.

34. Around that same time, Riverport also provided notice to NCCI that the Second Riverport Policy was cancelled effective March 7, 2015 for nonpayment of premium.

35. Upon information and belief, NCCI received this cancellation notice electronically around or prior to March 7, 2015.

36. NCCI accepted Riverport's notice of cancellation and the March 7, 2015 cancellation date for the Second Riverport Policy was reflected in NCCI's subsequent records for Legend.

<u>**Riverport's Responses to the Underlying Claims**</u>

37. Legend first provided Riverport with notice of Barragan's March 20, 2015 accident on about April 29, 2015.

38. After communications during which Legend acknowledged that the Second Riverport Policy was cancelled such that no coverage was available, Riverport denied coverage for the Barragan WC Claim.

39.     On July 28, 2017, Legend provided its insurance agent with notice of the Ghafari Third-Party Complaint and the Dailey Electric Third-Party Complaint and demanded coverage under the First Riverport Policy.

40.     Legend did not provide Riverport with notice of the Ghafari Third-Party Complaint or the Dailey Electric Third-Party Complaint until approximately seven months after it was first served with process in those matters.

41.     Riverport did not receive this notice until about August 29, 2017.

42.     On November 2, 2017, Riverport issued correspondence to Legend denying coverage for the Ghafari Third-Party Complaint and the Dailey Electric Third-Party Complaint and reaffirming its earlier denial of the Barragan WC Claim.  Legend has not challenged the denial in any manner.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT
### (The First Riverport Policy Was Not In Force On The Alleged Accident Date)

1-42.   Riverport specifically realleges and reincorporates by reference paragraphs 1 through 42 of the common allegations in this Complaint for Declaratory Judgment as and for paragraphs 1 through 42 of Count I of this Complaint for Declaratory Judgment as though fully set forth herein.

43.     Part One (A)(1) and Part Two (A)(3) of the First Riverport Policy both provide that the bodily injury by accident must occur during the policy period to be entitled to coverage. Exhibit D at RIV 0003-4.

44.     Part Six of the First Riverport Policy, as amended by endorsement WC 12 06 01 D, provides that the policy period for the First Riverport Policy will end at the day and hour stated in the cancellation notice.  *Id*. at RIV 0016.

45. Riverport mailed the Notice of Cancellation of Workers' Compensation Policy for the First Riverport Policy for failure to pay premium when due to Legend over ten days prior to date cancellation was to take effect. Exhibit E.

46. Riverport's Notice of Cancellation of Workers' Compensation Policy for the First Riverport Policy stated the reason for cancellation and included the day and hour cancellation would become effective. *Id*.

47. Riverport's Notice of Cancellation of Workers' Compensation Policy for the First Riverport Policy was sent to the broker or agent of record at its last known mailing address. *Id*.

48. The IWCC had notice of the cancellation of the First Riverport Policy more than ten days before Barragan's alleged accident occurred on March 20, 2015.

49. The policy period for the First Riverport Policy ended on December 16, 2014.

50. The First Riverport Policy was not in effect at the time of Barragan's alleged March 20, 2015 accident.

51. Barragan's alleged March 20, 2015 accident did not occur within the policy period for the First Riverport Policy.

52. Riverport therefore has no duty to defend or indemnity Legend with respect to the Barragan WC Claim, the Ghafari Third-Party Complaint and/or the Dailey Electric Third-Party Complaint under the First Riverport Policy.

53. Riverport specifically declines any and all liability under the terms and conditions of the First Riverport Policy for the allegations contained in the Barragan WC Claim, the Ghafari Third-Party Complaint and/or the Dailey Electric Third-Party Complaint and insists that it is not obligated to defend any of those suits against Legend, or any of its agents or employees, nor is

Riverport obligated to pay any judgment which may be rendered in said suits against Legend, or any of its agents or employees.

54. This instant litigation involves an actual controversy between the parties ripe for adjudication pursuant to 28 U.S.C. § 2201, because Riverport contends that it is not obligated to provide coverage under the First Riverport Policy. Upon information and belief, these contentions are denied by Legend and it contends that it is owed coverage under the First Riverport Policy.

55. Under the terms of 28 U.S.C. § 2201, this Honorable Court is vested with the power to declare the rights and liabilities of the parties hereto under the First Riverport Policy of insurance, to adjudicate the final rights of all parties thereunder, and to give such other further relief as may be necessary to enforce the same.

WHEREFORE, the Plaintiff, Riverport Insurance Company, respectfully requests that this Court enter a judgment finding and declaring as follows:

A. The rights and liabilities of the parties hereto with respect to the Riverport Insurance Company Policy No. WC-12-87-024991-00;

B. That there is no coverage under the Riverport Insurance Company Policy No. WC-12-87-024991-00 for the Workers' Compensation Claim filed by Alberto Barragan with Case No. 15 WC 019829 or for the injuries that are the subject of said claim;

C. That Riverport Insurance Company has no obligation under Policy No. WC-12-87-024991-00 to defend Legend Construction, Inc., or any related entity, with respect to the Workers' Compensation Claim filed by Alberto Barragan with Case No. 15 WC 019829 or the injuries that are the subject of said claim;

D. That Riverport Insurance Company has no obligation under Policy No. WC-12-87-024991-00 to indemnify Legend Construction, Inc., or any related entity, with respect to the Workers' Compensation Claim filed by Alberto Barragan with Case No. 15 WC 019829 or the injuries that are the subject of said claim;

E. That Riverport Insurance Company has no obligation under Policy No. WC-12-87-024991-00 to pay any judgment or settlement with respect to the Workers'

Compensation Claim filed by Alberto Barragan with Case No. 15 WC 019829 or the injuries that are the subject of said claim;

F.     That there is no coverage under the Riverport Insurance Company Policy No. WC-12-87-024991-00 for the Third-Party Complaints filed by Colette M. Dailey Electrical Contractors, Inc. d/b/a Dailey Electric Co., Inc. and Ghafari Associates, LLC with Case Number 2016 L 003005, or for the injuries that are the subject of said claims;

G.     That Riverport Insurance Company has no obligation under Policy No. WC-12-87-024991-00 to defend Legend Construction, Inc., or any related entity, with respect to the Third-Party Complaints filed by Colette M. Dailey Electrical Contractors, Inc. d/b/a Dailey Electric Co., Inc. and Ghafari Associates, LLC with Case Number 2016 L 003005 or the injuries that are the subject of said claims;

H.     That Riverport Insurance Company has no obligation under Policy No. WC-12-87-024991-00 to indemnify Legend Construction, Inc., or any related entity, with respect to the Third-Party Complaints filed by Colette M. Dailey Electrical Contractors, Inc. d/b/a Dailey Electric Co., Inc. and Ghafari Associates, LLC with Case Number 2016 L 003005 or the injuries that are the subject of said claims;

I.     That Riverport Insurance Company has no obligation under Policy No. WC-12-87-024991-00 to pay any judgment or settlement with respect to the Third-Party Complaints filed by Colette M. Dailey Electrical Contractors, Inc. d/b/a Dailey Electric Co., Inc. and Ghafari Associates, LLC with Case Number 2016 L 003005 or the injuries that are the subject of said claim; and

J.     For such other and further relief the Court deems just and proper.

## COUNT II
## REQUEST FOR DECLARATORY JUDGMENT
### (The Second Riverport Policy Was Not In Force On The Alleged Accident Date)

1-42.    Riverport specifically realleges and reincorporates by reference paragraphs 1 through 42 of the common allegations in this Complaint for Declaratory Judgment as and for paragraphs 1 through 42 of Count II of this Complaint for Declaratory Judgment as though fully set forth herein.

43.    Part One (A)(1) and Part Two (A)(3) of the Second Riverport Policy both provide that the bodily injury by accident must occur during the policy period to be entitled to coverage. Exhibit F at RIV 0042-43.

44.     Part Six of the Second Riverport Policy, as amended by endorsement WC 12 06 01 E, provides that the policy period for the Second Riverport Policy will end at the day and hour stated in the cancellation notice.  *Id*. at RIV 0055.

45.     Riverport mailed the Notice of Cancellation of Workers' Compensation Policy for the Second Riverport Policy for failure to pay premium when due to Legend over ten days prior to date cancellation was to take effect.  Exhibit G.

46.     Riverport's Notice of Cancellation of Workers' Compensation Policy for the Second Riverport Policy stated the reason for cancellation and included the day and hour cancellation would become effective.  *Id*.

47.     Riverport's Notice of Cancellation of Workers' Compensation Policy for the Second Riverport Policy was sent to the broker or agent of record at its last known mailing address. *Id*.

48.     The IWCC had notice of the cancellation of the Second Riverport Policy more than ten days before Barragan's alleged accident occurred on March 20, 2015.

49.     The policy period for the Second Riverport Policy ended on March 7, 2015.

50.     The Second Riverport Policy was not in effect at the time of Barragan's alleged March 20, 2015 accident.

51.     Barragan's alleged March 20, 2015 accident did not occur within the policy period for the Second Riverport Policy.

52.     Riverport therefore has no duty to defend or indemnity Legend with respect to the Barragan WC Claim, the Ghafari Third-Party Complaint and/or the Dailey Electric Third-Party Complaint under the Second Riverport Policy.

53. Riverport specifically declines any and all liability under the terms and conditions of the Second Riverport Policy for the allegations contained in the Barragan WC Claim, the Ghafari Third-Party Complaint and/or the Dailey Electric Third-Party Complaint and insists that it is not obligated to defend any of those suits against Legend, or any of its agents or employees, nor is Riverport obligated to pay any judgment which may be rendered in said suits against Legend, or any of its agents or employees.

54. This instant litigation involves an actual controversy between the parties ripe for adjudication pursuant to 28 U.S.C. § 2201, because Riverport contends that it is not obligated to provide coverage under the Second Riverport Policy. Upon information and belief, these contentions are denied by Legend and it contends that it is owed coverage under the Second Riverport Policy.

55. Under the terms of 28 U.S.C. § 2201, this Honorable Court is vested with the power to declare the rights and liabilities of the parties hereto under the Second Riverport Policy of insurance, to adjudicate the final rights of all parties thereunder, and to give such other further relief as may be necessary to enforce the same.

WHEREFORE, the Plaintiff, Riverport Insurance Company, respectfully requests that this Court enter a judgment finding and declaring as follows:

A. The rights and liabilities of the parties hereto with respect to the Riverport Insurance Company Policy No. WC-12-87-029205-00;

B. That there is no coverage under the Riverport Insurance Company Policy No. WC-12-87-029205-00 for the Workers' Compensation Claim filed by Alberto Barragan with Case No. 15 WC 019829 or for the injuries that are the subject of said claim;

C. That Riverport Insurance Company has no obligation under Policy No. WC-12-87-029205-00 to defend Legend Construction, Inc., or any related entity, with respect to the Workers' Compensation Claim filed by Alberto Barragan with Case No. 15 WC 019829 or the injuries that are the subject of said claim;

D.    That Riverport Insurance Company has no obligation under Policy No. WC-12-87-029205-00 to indemnify Legend Construction, Inc., or any related entity, with respect to the Workers' Compensation Claim filed by Alberto Barragan with Case No. 15 WC 019829 or the injuries that are the subject of said claim;

E.    That Riverport Insurance Company has no obligation under Policy No. WC-12-87-029205-00 to pay any judgment or settlement with respect to the Workers' Compensation Claim filed by Alberto Barragan with Case No. 15 WC 019829 or the injuries that are the subject of said claim;

F.    That there is no coverage under the Riverport Insurance Company Policy No. WC-12-87-029205-00 for the Third-Party Complaints filed by Colette M. Dailey Electrical Contractors, Inc. d/b/a Dailey Electric Co., Inc. and Ghafari Associates, LLC with Case Number 2016 L 003005, or for the injuries that are the subject of said claims;

G.    That Riverport Insurance Company has no obligation under Policy No. WC-12-87-029205-00 to defend Legend Construction, Inc., or any related entity, with respect to the Third-Party Complaints filed by Colette M. Dailey Electrical Contractors, Inc. d/b/a Dailey Electric Co., Inc. and Ghafari Associates, LLC with Case Number 2016 L 003005 or the injuries that are the subject of said claims;

H.    That Riverport Insurance Company has no obligation under Policy No. WC-12-87-029205-00 to indemnify Legend Construction, Inc., or any related entity, with respect to the Third-Party Complaints filed by Colette M. Dailey Electrical Contractors, Inc. d/b/a Dailey Electric Co., Inc. and Ghafari Associates, LLC with Case Number 2016 L 003005 or the injuries that are the subject of said claims;

I.    That Riverport Insurance Company has no obligation under Policy No. WC-12-87-029205-00 to pay any judgment or settlement with respect to the Third-Party Complaints filed by Colette M. Dailey Electrical Contractors, Inc. d/b/a Dailey Electric Co., Inc. and Ghafari Associates, LLC with Case Number 2016 L 003005 or the injuries that are the subject of said claim; and

J.    For such other and further relief the Court deems just and proper.

## COUNT III
## REQUEST FOR DECLARATORY JUDGMENT
## (Late Notice)

1-42.    Riverport specifically realleges and reincorporates by reference paragraphs 1 through 42 of the common allegations in this Complaint for Declaratory Judgment as and for

paragraphs 1 through 42 of Count III of this Complaint for Declaratory Judgment as though fully set forth herein.

43.     Count III is pled in the alternative to Counts I and II of this Complaint for Declaratory Judgment.

44.     Part Four of the First Riverport Policy and the Second Riverport Policy requires Legend to "promptly give us all notices, demands and legal papers related to the injury, claim, proceeding or suit."  Exhibit D at RIV 0006-7; Exhibit F at RIV 0045-6.

45.     The Ghafari Third-Party Complaint was filed on December 16, 2016 and served on Legend on about December 29, 2016 and March 8, 2017.  Exhibit B.

46.     The Dailey Electric Third-Party Complaint was filed on February 14, 2017 and served on Legend on about March 2, 2017.  Exhibit C.

47.     Legend failed to "promptly" provide copies of the legal papers concerning the two Third-Party Complaints by waiting until July 28, 2017 to notify its insurance agent of the Ghafari Third-Party Complaint and the Dailey Electric Third-Party Complaint, which was not received by Riverport until about August 29, 2017.

48.     Legend's failure to provide Riverport with information regarding the Ghafari Third-Party Complaint and the Dailey Electric Third-Party Complaint for over seven months following the filing of the Ghafari Third-Party Complaint was an unreasonable delay.

49.     Per the terms of the First Riverport Policy and the Second Riverport Policy, Legend does not have discretion as to when it provides Riverport with information regarding the Ghafari Third-Party Complaint and the Dailey Electric Third-Party Complaint.

50.     Legend does not have a reasonable or valid excuse for waiting until about July 28, 2017 to provide notice to its insurance agent regarding the Ghafari Third-Party Complaint and the Dailey Electric Third-Party Complaint.

51.     Based on Legend's unreasonable and extreme delay, Riverport is not required to show prejudice resulted from the delay.

52.     Alternatively, Riverport was prejudiced by, among others, Legend's failure to provide Riverport with legal papers related to the Ghafari Third-Party Complaint and the Dailey Electric Third-Party Complaint before July 28, 2017, which was not received by Riverport until about August 29, 2017, because Riverport was deprived of any meaningful participation or involvement in the defense of the Ghafari Third-Party Complaint and the Dailey Electric Third-Party Complaint, as is its right under the First Riverport Policy and the Second Riverport Policy.

53.     Legend has breached the terms of the First Riverport Policy and the Second Riverport Policy such that Riverport is absolved and released from its contractual duties under the First Riverport Policy and the Second Riverport Policy.

54.     Riverport specifically declines any and all liability under the terms and conditions of the First Riverport Policy and the Second Riverport Policy for the allegations contained in the Barragan WC Claim, the Ghafari Third-Party Complaint and/or the Dailey Electric Third-Party Complaint and insists that it is not obligated to defend any of those suits against Legend, or any of its agents or employees, nor is Riverport obligated to pay any judgment which may be rendered in said suits against Legend, or any of its agents or employees.

55.     This instant litigation involves an actual controversy between the parties ripe for adjudication pursuant to 28 U.S.C. § 2201, because Riverport contends that it is not obligated to provide coverage under the First Riverport Policy and the Second Riverport Policy.  Upon

information and belief, these contentions are denied by Legend and it contends that it is owed coverage under the First Riverport Policy and the Second Riverport Policy.

56.     Under the terms of 28 U.S.C. § 2201, this Honorable Court is vested with the power to declare the rights and liabilities of the parties hereto under the First Riverport Policy and the Second Riverport Policy of insurance, to adjudicate the final rights of all parties thereunder, and to give such other further relief as may be necessary to enforce the same.

WHEREFORE, the Plaintiff, Riverport Insurance Company, respectfully requests that this Court enter a judgment finding and declaring as follows:

A.     The rights and liabilities of the parties hereto with respect to the Riverport Insurance Company Policy No. WC-12-87-024991-00 and Policy No. WC-12-87-029205-00;

B.     That Legend Construction, Inc. violated the Notice condition of Riverport Insurance Company Policy No. WC-12-87-024991-00 and Policy No. WC-12-87-029205-00, precluding Legend Construction, Inc. from coverage under either policy for the Third-Party Complaints filed by Colette M. Dailey Electrical Contractors, Inc. d/b/a Dailey Electric Co., Inc. and Ghafari Associates, LLC with Case Number 2016 L 003005 or the injuries that are the subject of said claims;

C.     That there is no coverage under the Riverport Insurance Company Policy No. WC-12-87-024991-00 and/or Policy No. WC-12-87-029205-00 for the Third-Party Complaints filed by Colette M. Dailey Electrical Contractors, Inc. d/b/a Dailey Electric Co., Inc. and Ghafari Associates, LLC with Case Number 2016 L 003005, or for the injuries that are the subject of said claims;

D.     That Riverport Insurance Company has no obligation under Policy No. WC-12-87-024991-00 and/or Policy No. WC-12-87-029205-00 to defend Legend Construction, Inc., or any related entity, with respect to the Third-Party Complaints filed by Colette M. Dailey Electrical Contractors, Inc. d/b/a Dailey Electric Co., Inc. and Ghafari Associates, LLC with Case Number 2016 L 003005 or the injuries that are the subject of said claims;

E.     That Riverport Insurance Company has no obligation Policy No. WC-12-87-024991-00 and/or Policy No. WC-12-87-029205-00 to indemnify Legend Construction, Inc., or any related entity, with respect to the Third-Party Complaints filed by Colette M. Dailey Electrical Contractors, Inc. d/b/a Dailey Electric Co., Inc. and Ghafari Associates, LLC with Case Number 2016 L 003005 or the injuries that are the subject of said claims;

F.      That Riverport Insurance Company has no obligation under Policy No. WC-12-87-024991-00 and/or Policy No. WC-12-87-029205-00 to pay any judgment or settlement with respect to the Third-Party Complaints filed by Colette M. Dailey Electrical Contractors, Inc. d/b/a Dailey Electric Co., Inc. and Ghafari Associates, LLC with Case Number 2016 L 003005 or the injuries that are the subject of said claim; and

G.      For such other and further relief the Court deems just and proper.

## COUNT IV
## REQUEST FOR DECLARATORY JUDGMENT
### (Other Coverage Issues Under the First Riverport Policy and Second Riverport Policy)

1-42.   Riverport specifically realleges and reincorporates by reference paragraphs 1 through 42 of the common allegations in this Complaint for Declaratory Judgment as and for paragraphs 1 through 42 of Count IV of this Complaint for Declaratory Judgment as though fully set forth herein.

43.     Count IV is pled in the alternative to Counts I and II of this Complaint for Declaratory Judgment.

44.     The First Riverport Policy and the Second Riverport Policy do not have an obligation to provide coverage to Legend for the following reasons:

a.      Per the terms of Endorsement WC 12-03-06 A that excludes coverage for any "liability assumed under a contract, and/or any agreement to waive your right to limit your liability for contribution to the amount of benefits payable under the Workers Compensation Act." and

b.      Coverage may be barred in whole or in part, by the terms, exclusions, conditions, definitions, declarations, endorsements, and/or limitations in the First Riverport Policy and the Second Riverport Policy.

45.     Riverport specifically declines any and all liability under the terms and conditions of the First Riverport Policy and the Second Riverport Policy for the allegations contained in the Barragan WC Claim, the Ghafari Third-Party Complaint and/or the Dailey Electric Third-Party Complaint and insists that it is not obligated to defend any of those suits against Legend, or any

of its agents or employees, nor is Riverport obligated to pay any judgment which may be rendered in said suits against Legend, or any of its agents or employees.

46.     This instant litigation involves an actual controversy between the parties ripe for adjudication pursuant to 28 U.S.C. § 2201, because Riverport contends that it is not obligated to provide coverage under the First Riverport Policy and the Second Riverport Policy.  Upon information and belief, these contentions are denied by Legend and it contends that it is owed coverage under the First Riverport Policy and the Second Riverport Policy.

47.     Under the terms of 28 U.S.C. § 2201, this Honorable Court is vested with the power to declare the rights and liabilities of the parties hereto under the First Riverport Policy and the Second Riverport Policy of insurance, to adjudicate the final rights of all parties thereunder, and to give such other further relief as may be necessary to enforce the same.

WHEREFORE, the Plaintiff, Riverport Insurance Company, respectfully requests that this Court enter a judgment finding and declaring as follows:

A.     The rights and liabilities of the parties hereto with respect to the Riverport Insurance Company Policy No. WC-12-87-024991-00 and Policy No. WC-12-87-029205-00;

B.     That there is no coverage under the Riverport Insurance Company Policy No. WC-12-87-024991-00 and/or Policy No. WC-12-87-029205-00 for the Workers' Compensation Claim filed by Alberto Barragan with Case No. 15 WC 019829 or for the injuries that are the subject of said claim;

C.     That Riverport Insurance Company has no obligation under Policy No. WC-12-87-024991-00 and/or Policy No. WC-12-87-029205-00 to defend Legend Construction, Inc., or any related entity, with respect to the Workers' Compensation Claim filed by Alberto Barragan with Case No. 15 WC 019829 or the injuries that are the subject of said claim;

D.     That Riverport Insurance Company has no obligation under Policy No. WC-12-87-024991-00 and/or Policy No. WC-12-87-029205-00 to indemnify Legend Construction, Inc., or any related entity, with respect to the Workers' Compensation Claim filed by Alberto Barragan with Case No. 15 WC 019829 or the injuries that are the subject of said claim;

E.      That Riverport Insurance Company has no obligation under Policy No. WC-12-87-024991-00 and/or Policy No. WC-12-87-029205-00 to pay any judgment or settlement with respect to the Workers' Compensation Claim filed by Alberto Barragan with Case No. 15 WC 019829 or the injuries that are the subject of said claim;

F.      That there is no coverage under the Riverport Insurance Company Policy No. WC-12-87-024991-00 and/or Policy No. WC-12-87-029205-00 for the Third-Party Complaints filed by Colette M. Dailey Electrical Contractors, Inc. d/b/a Dailey Electric Co., Inc. and Ghafari Associates, LLC with Case Number 2016 L 003005, or for the injuries that are the subject of said claims;

G.      That Riverport Insurance Company has no obligation under Policy No. WC-12-87-024991-00 and/or Policy No. WC-12-87-029205-00 to defend Legend Construction, Inc., or any related entity, with respect to the Third-Party Complaints filed by Colette M. Dailey Electrical Contractors, Inc. d/b/a Dailey Electric Co., Inc. and Ghafari Associates, LLC with Case Number 2016 L 003005 or the injuries that are the subject of said claims;

H.      That Riverport Insurance Company has no obligation Policy No. WC-12-87-024991-00 and/or Policy No. WC-12-87-029205-00 to indemnify Legend Construction, Inc., or any related entity, with respect to the Third-Party Complaints filed by Colette M. Dailey Electrical Contractors, Inc. d/b/a Dailey Electric Co., Inc. and Ghafari Associates, LLC with Case Number 2016 L 003005 or the injuries that are the subject of said claims;

I.      That Riverport Insurance Company has no obligation under Policy No. WC-12-87-024991-00 and/or Policy No. WC-12-87-029205-00 to pay any judgment or settlement with respect to the Third-Party Complaints filed by Colette M. Dailey Electrical Contractors, Inc. d/b/a Dailey Electric Co., Inc. and Ghafari Associates, LLC with Case Number 2016 L 003005 or the injuries that are the subject of said claim; and

J.      For such other and further relief the Court deems just and proper.

Dated: December 22, 2017

Respectfully Submitted,

___/s/ Anne-Marie Foster_____
Attorney for Plaintiff

Heath Sherman (hxs@nbkllaw.com)
Anne-Marie Foster (amf@nbkllaw.com)
NYHAN, BAMBRICK, KINZIE & LOWRY
20 North Clark Street, Suite 100
Chicago, IL 60602
312-629-0827